J-S54014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN ANTHONY GLOVER, JR. | : | |
| | : | |
| | : | No. 598 MDA 2020 |

Appeal from the PCRA Order Entered March 10, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0005101-2006

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED APRIL 27, 2021**

Appellant Justin Anthony Glover, Jr. appeals from the order dismissing as untimely his third petition filed under the Post Conviction Relief Act[1] (PCRA).  Appellant argues that the PCRA court erred in rejecting his claim that after-discovered evidence of his co-defendant possessing a second cell phone entitled him to an evidentiary hearing.  Following our review of the record, we affirm.

A prior panel of this Court summarized the procedural history of this matter as follows:

> A jury convicted [Appellant] of first-degree murder, conspiracy to commit murder and abuse of corpse[fn1] in connection with the death of Wesley Person.  The trial court imposed a mandatory sentence of life imprisonment without parole.[fn2]  [Appellant] appealed.  This Court affirmed, *see **Commonwealth v. Glover***, 1033 MDA 2009 (Pa Super., filed Mar. 3, 2010) (unpublished

---

[1] 42 Pa.C.S. §§ 9541-9546.

memorandum), and our Supreme Court denied *allocatur* on August 3[], 2010. [Appellant] did not file a direct appeal with the United States Supreme Court.

> [fn1] 18 Pa.C.S.A. § 2502, § 903, and § 5510, respectively.

> [fn2] Additionally, the trial court imposed a 10 to 20 year term of imprisonment for [Appellant's] conspiracy conviction and a 1 to 2 year term of imprisonment for his abuse of corpse conviction.

On March 25, 2011, [Appellant] filed his first petition pursuant to the PCRA, alleging several claims of ineffective assistance of trial counsel. Notably, [Appellant] asserted trial counsel's ineffectiveness for failing to call character witnesses. The PCRA court denied [Appellant's] petition. A panel of this Court affirmed. *See Commonwealth v. Glover*, 285 MDA 2013 (Pa. Super., filed Mar. 3. 2014) (unpublished memorandum). [Appellant] did not file a petition for *allocatur* with the Pennsylvania Supreme Court.

[Appellant] filed the instant petition on March 15, 2018, alleging he was entitled to a new trial because his co-defendant, Lawrence Murrell, received a new trial following federal *habeas corpus* review. Specifically, [Appellant] claimed Murrell received relief due to his claim that trial counsel was ineffective for failing to call character witnesses. Because he raised the identical claim in a previous PCRA petition, [Appellant] asserts that the grant of relief to Murrell while denying [Appellant] relief for the same issue would constitute a deprivation of due process and equal protection of the law.

Noting [Appellant's] petition was facially untimely and that his claim did not meet a timeliness exception, the PCRA court issued a Pa.R.Crim.P[.] 907 notice of its intent to dismiss the petition. Despite [Appellant's] response, the court ultimately dismissed his petition as untimely on June 22, 2018.

*Commonwealth v. Glover*, 1161 MDA 2018, 2019 WL 3763751, at *1 (Pa. Super. filed Aug. 9, 2019) (unpublished memorandum). This Court ultimately dismissed Appellant's appeal from the denial of his second petition because

he had previously litigated the issue of counsel's failure to call character witnesses in his first PCRA petition. *Id.* at *3.

On October 4, 2019, Appellant filed the instant third counseled PCRA petition, alleging newly-discovered evidence, namely, that his co-defendant, Lawrence Murrell, made two outgoing phone calls on December 24, 2005, to Murrell's wife, Shynea Haskins, from a cell phone with a number ending in 0786 (the 0786 phone). *See* PCRA Pet., 10/4/19, at 11. Appellant asserted that there was no reason for Appellant to have contacted Murrell's wife from the 0786 number. *Id.* Appellant further contended that he had no reason to suspect his co-defendant was in possession of the 0786 phone at the time of the murder, and therefore, could not have discovered this fact by due diligence. *Id.* at 11-14. Therefore, Appellant contended that evidence that his co-defendant possessed the 0786 phone and a second phone with a number ending in 0832 (the 0832 phone) at the time of the offense would have exculpated Appellant.[2] *Id.* at 14.

Additionally, Appellant argued that his private investigator had performed a crime scene reconstruction proving that it was possible for a single person to have moved the victim's body from a vehicle and into the culvert where it was found. *Id.* at 11-15. Appellant contended that the facts

---

[2] As noted by the PCRA court, "[a]t trial, it was established that detectives obtained cell phone records for [the 0786 phone] and [the 0832 phone], which were connected to [Appellant] and co-defendant Murrell respectively. The records reflected the cell phones traveling together on December 23-24, 2005." PCRA Ct. Op., 1/22/20, at 3 n.3.

underlying the claim were previously unknown to him because he was not present on the night of the offense, and was unaware of whether the assailant had worked alone or with a co-defendant. *Id.*

On January 22, 2020, the PCRA court, by order and memorandum, issued notice pursuant to Pa.R.Crim.P. 907 that it planned to dismiss Appellant's third untimely petition without a hearing as Appellant had not satisfied the jurisdictional threshold of Section 9545(b)(1)(ii). *See* Pa.R.Crim.P. 907 Notice, 1/22/20, at 1. Appellant filed a response to the PCRA court's notice, but on March 10, 2020, the court issued its final dismissal of Appellant's petition.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On May 27, 2020, the PCRA court issued a memorandum statement in lieu of opinion, adopting its prior memorandum of January 22, 2020. *See* PCRA Ct. Op., 5/27/20, at 1.

On appeal, Appellant presents the following issue for our review:

Did the PCRA court abuse its discretion in dismissing [Appellant's] claim without evidentiary hearing where he properly pled and proved he was entitled [to] relief based on newly and after discovered evidence of that the [*sic*] number contacted from [Appellant's] cellphone belonged to his co-defendant's wife?

Appellant's Brief at 2.

Appellant acknowledges that his petition is untimely but argues that the PCRA court erred in dismissing his petition without a hearing. *See id.* at 9. He contends he was entitled to a hearing on "his newly and after discovered evidence claim of [his co-defendant's] revelation that he alone had

- 4 -

[Appellant's] cell phone and made two outgoing calls to [his wife] from the phone, which is corroborated by the investigatory report connecting Mrs. Haskins to one of the numbers called." *Id.* Appellant argues that he was unaware of the proffered facts with respect to his co-defendant's use of the cell phone to call Mrs. Haskins and could not have discovered this fact sooner.[3]

Our review of the denial of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (quotation marks and citation omitted). "A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts." *Commonwealth v. Johnson*, 966 A.2d 523, 539 (Pa. 2009) (citations omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted). We review "the PCRA court's legal conclusions *de novo*." *See Miller*, 102 A.3d at 992 (citation omitted).

"With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." *Commonwealth v. Maddrey*, 205 A.3d 323, 327

---

[3] The Commonwealth's brief appears to refer solely to Appellant's prior appeal and does not address any of Appellant's current issues.

(Pa. Super. 2019), *appeal denied*, 218 A.3d 380 (Pa. 2019) (citation and quotation omitted).  It is well settled that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary."  **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008).  "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing."  **Commonwealth v. Hanible**, 30 A.3d 426, 438 (Pa. 2011) (citation omitted).

It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite."  **Commonwealth v. Brown**, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted).  A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final . . . " 42 Pa.C.S. § 9545(b)(1).  A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S. § 9545(b)(3).

An untimely PCRA petition may be considered if one of the following statutory exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

- 6 -

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). "The petitioner bears the burden to allege and prove [that] one of the timeliness exceptions applies." **Commonwealth v. Garcia**, 23 A.3d 1059, 1062 (Pa. Super. 2011) (citation and quotation marks omitted).

As noted above, there is no dispute that Appellant's petition is facially untimely. His judgment of sentence became final on November 1, 2010; therefore, he had until November 1, 2011, to timely file a petition. **See Brown**, 111 A.3d at 175. Nevertheless, Appellant contends that his petition meets a time bar exception due to newly discovered facts.

To establish the timeliness exception in Section 9545(b)(1)(ii) based on a previously unknown fact, a petitioner must

demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.

**Id.** at 176. A petition seeking relief pursuant to a statutory exception must adhere to the additional requirement of filing the claim within one year of the date the claim could have first been presented. 42 Pa.C.S. § 9545(b)(2).

- 7 -

Here, the PCRA court noted that Appellant did not meet the jurisdictional requirements for the newly-discovered facts exception:

> [Appellant] claims that on the evening of December 23, 2005[,] and into the morning of December 24th, he was at home with his girlfriend and not in possession of the [0786 phone]. [Appellant] asserts that on December 1, 2018, he learned that his co-defendant Murrell made two outgoing cell phone calls from the 0786 [phone] on December 24, 2005 to his wife . . . . Later in December of 2018, [Appellant]'s private investigator opined that based on geography and conditions, it would be possible for one person to have moved the decedent's body. [Appellant] alleges that on August 24, 2019, the private investigator recorded a crime scene reconstruction off of Interstate 83 in Maryland, that allegedly demonstrated that one person was physically able to move a body from a vehicle on the shoulder of the road into a culvert. It should be noted that, according to [Appellant], such reconstruction has not yet been memorialized in writing and, consequently, has not been made a part of the petition.[fn4]
>
>> [fn4] [Appellant]'s Exhibit C includes an "Investigative Report prepared by [Appellant]'s private investigator, Detective S. Marziale. Detective Marziale opines that "[a]fter photographing and assessing the area, it is believed that there is a possibility that the body from this crime scene could have possibly been moved by only ONE person. However, this would have to be tested/reenacted by this investigator to prove it beyond a reasonable doubt."
>
> [T]his [c]ourt finds that [Appellant] has not demonstrated the components necessary to establish jurisdiction under Section 9545(b)(1)(ii). The exhibits of the phone records attached to [Appellant]'s petition do not prove the alleged "fact" that co-defendant Murrell was the individual who made the phone calls to Mrs. Haskins, and the opinion of a private investigator certainly does not give rise to a "fact" that the murder in question could have been carried out by one person. Even were we to assume that these claims constituted actual facts *and* that such facts were previously unaware to [Appellant], [Appellant] failed to act with due diligence to discover the information. It was [Appellant]'s burden to investigate these issues, both of which were matters

- 8 -

that were initiated at trial. [Appellant]'s allegedly new information could have been discovered at any point in time, and his petition is silent as to why he could not obtain such information earlier, or what efforts he made in the exercise of due diligence.

*See* PCRA Ct. Op., 1/22/20, at 3-4.

Following our review, we agree with the PCRA court that Appellant failed to establish due diligence in discovering the facts giving rise to his claim. As noted, to establish a time bar exception, due diligence demands that "the petitioner take reasonable steps to protect his own interests . . . and explain why he could not have learned the new fact(s) earlier with the exercise of due diligence." *Brown*, 111 A.3d at 176. At trial, the Commonwealth's theory was that the location data from the 0786 phone and the 0832 phone established that Appellant and his co-defendant Murrell were together on the night of the murder and disposal of the victim's body. Appellant's trial defense was that he could not have been present when these things happened.

With regard to the phone records, Appellant argues that Ms. Haskins' phone number was not publicly available. Appellant was aware at the time of trial that the phone records would be used as evidence against him, but does not explain why he waited until 2018 to further investigate the numbers called by the 0786 phone or attempt to subpoena Ms. Haskins' records. With regard to the crime scene investigator's report, Appellant argues that he could not afford a private investigator at the time of trial. However, as of the date of the filing of the PCRA court memorandum opinion in January 2020, Appellant still had not provided a memorialized report from his private investigator.

Under these circumstances, Appellant fails to show due diligence in investigating the phone records of the 0786 phone and the possibility that one person could have taken the victim's body from the vehicle to the culvert when filing the instant petition almost nine years after his conviction became final. Accordingly, following our review, we agree with the PCRA court that Appellant's petition did not demonstrate an exception under Section 9545(b)(1)(ii), or that he was entitled to a hearing. *See Hanible*, 30 A.3d at 452. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/27/2021